CANNIZZARO, J.,
Concurring.
hi concur in the majority’s opinion to affirm the judgment of the Office of Workers’ Compensation.
In order for the claimant, Mr. DeClues, to prevail in a claim for worker’s compensation benefits against the defendant, Ca-ruba Engineering, Inc. (Caruba), he must prove that either: 1) the written contract between Caruba and Real Estate Unlimited (REU) expressly recognized Caruba as the statutory employer of REU’s direct or statutory employees, or 2) the requirements of the “two contract” theory of the statutory employer defense set forth in Allen v. State ex rel. Ernest N. Mortal— New Orleans Exhibition Hall Authority, 2002-1072 (La.4/09/03), 842 So.2d 373, 379, are satisfied in this particular case. Mr. DeClues has failed to meet his burden.
Under Mr. DeClues’ theory, Caruba would be responsible for paying a worker’s compensation claim even though it never entered into any contract with the injured party or did not agree to satisfy the claims of any workers who might be injured while working for REU. This would create an unfair and unjust situation.